IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH ROUSHEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1810-L |
| | § | |
| CITY OF GARLAND, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph E. Roushey, doing business as Fat Monkey Sales and Service ("Plaintiff" or "Roushey"), brought this action against Defendant City of Garland, Texas ("Defendant" or the "City") on September 30, 2005, by filing his Original Verified Complaint, Supporting Brief, and Application for Preliminary Injunction [and Permanent Injunction]. The City filed a Motion to Dismiss for Failure to State a Claim [pursuant to Fed. R. Civ. P.] 12(b)(6), along with an Original Counterclaim and Request for Injunctive Relief, on September 30, 2005. Roushey did not respond to Defendant's motion to dismiss or to its counterclaim and request for injunctive relief. He also failed to participate in the filing of a joint status report, as instructed by the court's Order Requiring Attorney Conference and Status Report, issued October 4, 2005. Moreover, Roushey failed to submit to the court, as directed by an Order issued June 1, 2006, a written statement whether he intended to prosecute this action, and a written response explaining the failure of him and his lawyer to participate in preparation of the Status Report, filed November 3, 2005. The June 1, 2006 Order directed Roushey to file these written submissions no later than June 12, 2006. As of June 19, 2006, 3:00 p.m., nothing has been filed by Roushey in response to the court's order of June 1, 2006.

**Memorandum Opinion and Order - Page 1**

The court believes that dismissal of this action pursuant to Fed. R. Civ. P. 41(b) is appropriate because Roushey has not prosecuted this action, and has also failed to comply with the court's Order Requiring Attorney Conference and Status Report, issued October 4, 2005, and the court's Order directing the filing of written submissions, issued June 1, 2006.  Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or failure to follow orders of the court. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.  *See Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).  The court's decision to dismiss an action, however, is materially affected by whether the dismissal is to be with or without prejudice. "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action."  *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (citation in footnote omitted).

The Fifth Circuit has set forth a number of lesser sanctions that a court is to consider before it dismisses with prejudice: "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket."  *Boudwin*, 756 F.2d at 401 (quoting *Rogers v. Kroger*, 669 F.2d 317, 321-22 (5th Cir. 1982)).

The Order Requiring Attorney Conference and Status Report explicitly warned Roushey and his counsel:

> Plaintiff's counsel is responsible for initiating the conference and for filing the Report . . . . If any person responsible for initiating and filing the Report fails to

**Memorandum Opinion and Order - Page 2**

>   do so, . . . [t]he court will decide what disciplinary action or sanctions should be imposed. Failure to timely submit the Report may result in the imposition of sanctions, including dismissal, without further notice.

Order Req. Atty. Conf. & Status Report at 3. The court does not know the basis for Roushey's failure to prosecute or otherwise participate in the submission of the Status Report. Roushey also failed to comply with the court's June 1, 2006 Order, as, to date, he has not filed the documents requested. The order apprised Roushey:

>   If Roushey fails to timely respond to either or both directives, the court will dismiss this action pursuant to Fed. R. Civ. P. 41(b) for want of prosecution, or for failure to comply with a court order. Such dismissal will be **with prejudice**, as the instant order would be the second time Roushey failed to comply, demonstrating his willful disregard of lawful court orders.

June 1, 2006 Order at 1 (emphasis added). Roushey has failed to heed two lawful court orders, each of which notified him of the consequences for noncompliance.[1] He has not requested an extension of time to respond or stated any reason for his noncompliance. As Roushey failed to comply with a valid court order on two separate occasions, and each order contained an explicit warning, the court determines that his failure to comply is a willful disregard of the court's directives, rather than aberrant behavior.[2] The only reasonable inference the court may draw is that Roushey is habitually noncompliant, and such conduct epitomizes a plain indifference to, or purposeful disregard of, the court's orders.

---

[1] The docket sheet reflects that the court's Order Requiring Attorney Conference and Status Report, issued October 4, 2005, as well as the court's order directing the filing of written submissions, issued June 1, 2006, were mailed to the law office of Roushey's attorney. The docket sheet does not reflect that either mailing was returned to the clerk of court as undeliverable.

[2] The court, out of an abundance of caution, waited a week beyond its deadline before acting on Roushey's failure to comply with its order.

**Memorandum Opinion and Order - Page 3**

Accordingly, the court determines that dismissal with prejudice of Roushey's claims in this action is the appropriate sanction, and Roushey's claims should be, and are hereby, **dismissed with prejudice** pursuant to Fed. R. Civ. P. 41(b) for his failure to comply with valid court orders.

In light of the court's decision to dismiss Roushey's claims with prejudice, the court has discretion whether to retain jurisdiction over the City's state law claims against Roushey.[3] A court may "decline to exercise supplemental jurisdiction if it has dismissed all the claims over which it had original jurisdiction." *Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir.) (citing 28 U.S.C. § 1367(c)(3)), *cert. denied*, 543 U.S. 829 (2004). As it has dismissed with prejudice all federal claims, the court, in its discretion, declines to exercise supplemental jurisdiction over the City's state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Priester*, 354 F.3d at 425; *Rhyne v. Henderson County*, 973 F.2d 386, 395 (5th Cir. 1992). Accordingly, the court determines that the City's Original Counterclaim and Request for Injunctive Relief should be dismissed without prejudice.

For the reasons herein stated, the court **dismisses with prejudice** the action brought by Joseph E. Roushey, doing business as Fat Monkey Sales and Service. The court **denies as moot** Defendant's Motion to Dismiss for Failure to State a Claim [pursuant to Fed. R. Civ. P.] 12(b)(6); and **denies as moot** Roushey's Application for Preliminary Injunction and Permanent Injunction, contained in Plaintiff's Original Verified Complaint, Supporting Brief, and Application for Preliminary Injunction [and Permanent Injunction]. The court also **dismisses without prejudice**

---

[3] In this case, the City has not alleged any federal claims. As the court has dismissed Roushey's claims, the basis for which the court could exercise original jurisdiction no longer exists. In its current posture, this action presents only state law claims. The City asserts a claim for injunctive relief pursuant to Tex. Loc. Gov't Code Ann. § 211.012, a state law enforcement provision for zoning regulations, to enforce its zoning ordinances. It also seeks civil penalties.

the City of Garland's Original Counterclaim and Request for Injunctive Relief. Judgment will issue by separate document as required by Fed. R. Civ. P. 58.

**It is so ordered** this 19th day of June, 2006.

*[Signature]*
Sam A. Lindsay
United States District Judge